J-S77012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MONTANA JEROME BELL, | |
| Appellant | No. 728 MDA 2017 |

Appeal from the Judgment of Sentence Entered December 30, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000901-2016

BEFORE:  BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 20, 2018**

Appellant, Montana Jerome Bell, appeals from the judgment of sentence of 2-4 years' incarceration, imposed following his conviction for aggravated harassment by a prisoner, 18 Pa.C.S. § 2703.1.[1]  Appellant claims that the prosecutor violated the Equal Protection Clause of the Fourteenth Amendment by discriminatorily exercising a peremptory

_____

[*] Former Justice specially assigned to the Superior Court.

[1] "A person who is confined in or committed to any local or county detention facility, jail or prison or any State penal or correctional institution or other State penal or correctional facility located in this Commonwealth commits a felony of the third degree if he, while so confined or committed or while undergoing transportation to or from such an institution or facility in or to which he was confined or committed, intentionally or knowingly causes or attempts to cause another to come into contact with blood, seminal fluid, saliva, urine or feces by throwing, tossing, spitting or expelling such fluid or material."

challenge to a prospective juror in violation of **Batson v. Kentucky**, 476 U.S. 79 (1986). After careful review, we affirm.

The facts underlying Appellant's conviction are not germane to this appeal. Briefly, the Commonwealth charged Appellant, an African-American inmate, with a Section 2703.1 offense for spitting on a prison guard. During jury selection on October 3, 2016, the Commonwealth exercised its sixth peremptory challenge against Gary Abdullah, the only African-American on the thirty-member venire panel. Appellant objected pursuant to **Batson**. After further inquiry by the trial court, the court overruled that objection. The jury subsequently convicted Appellant after a one-day trial held on November 7, 2016. On December 30, 2016, the court sentenced Appellant as stated above.

Appellant filed a timely post-sentence motion asking the trial court to reconsider his **Batson** challenge. On April 26, 2017, the court issued an opinion and order deny the post-sentence motion. **See** Opinion and Order (hereinafter "TCO"), 4/26/17, at 1. Appellant then filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. On May 19, 2017, the trial court issued a Rule 1925(a) statement in lieu of an opinion, in which the court indicated that it would rely on its April 26, 2017 opinion.

Appellant now presents the following question for our review:

Did the Trial Court err in permitting the prosecution to discriminatorily exercise a peremptory challenge to strike the only African–American male prospective juror in the entire

Courtroom from serving on [Appellant]'s Jury, in violation of **Batson**…?

Appellant's Brief at 5.

"A **Batson** claim presents mixed questions of law and fact." **Riley v. Taylor**, 277 F.3d 261, 277 (3d Cir. 2001) (*en banc*). Therefore, our standard of review is whether the trial court's legal conclusions are correct and whether its factual findings are clearly erroneous.

In **Batson**, the Supreme Court of the United States held that the Equal Protection Clause prohibits a prosecutor from striking jurors "solely on account of their race or on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." **Batson**, 476 U.S. at 89.

> The Court in **Batson** established a three-step inquiry for evaluating claims of racial discrimination in jury selection. First, the defendant must make a *prima facie* showing that the prosecutor has exercised peremptory challenges on the basis of race. **Id.** at 96[.] Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the jurors in question. **Id.** at 97[.] Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. **Id.** at 98[.]
>
> Under **Batson**, to establish a *prima facie* case that the prosecutor exercised peremptory challenges in a racially discriminatory manner, the defendant must prove that he is a member of a cognizable racial or ethnic group and that the prosecutor has exercised peremptory challenges to remove members of such group from the venire. **Id.** at 96[.] The defendant also must show that these facts and other relevant circumstances raise an inference that the Commonwealth used peremptory challenges to exclude venire persons from the same racial or ethnic group. **Id.** In doing so, the defendant is entitled to rely on the fact that "peremptory challenges constitute a jury

selection practice that permits 'those to discriminate who are of a mind to discriminate.'" *Id.*

*Commonwealth v. Jones*, 951 A.2d 294, 299 (Pa. 2008).

Instantly, the trial court concluded that Appellant failed to establish a *prima facie* case of prosecutorial racial discrimination. The court first acknowledged that Appellant and the juror in question, Mr. Abdullah, are both members of the same cognizable racial group (African-American), and that the Commonwealth used a peremptory challenge to remove Mr. Abdullah during jury selection. TCO at 4. Nevertheless, the court found that Appellant did "not come forward with *any* other evidence to support a conclusion that the Commonwealth's peremptory strike of Mr. Abdullah was because of his race." *Id.* (emphasis in original). Consequently, the trial court reasoned:

> [Appellant] cannot meet his *prima facie* burden of proving discrimination in the jury selection process solely by pointing to [the] use of a single peremptory strike to eliminate a potential juror who belongs to a particular race group, *see Commonwealth v. Simmons*, [662 A.2d 621 (Pa. 1995)], and [Appellant] has not come forward with any other evidence to support his claim of racial discrimination.

*Id.* In *Simmons*, our Supreme Court stated that the "use of a peremptory challenge on a single person of color without more is insufficient to establish a *Batson* violation." *Simmons*, 662 A.2d at 631 (hereinafter, the "*Simmons* Rule").

Directly contradicting the trial court's opinion, Appellant argues "a *prima facie* case was shown, as evidenced by the [c]ourt's request for the Commonwealth to provide a race neutral explanation for striking Mr.

Abdulla[h]." Appellant's Brief at 16. We disagree. We do not view the trial court's attempt to construct a more complete record regarding Appellant's **Batson** challenge as demonstrative of Appellant's passing the *prima facie* **Batson** hurdle. This is particularly true in light of the trial court's opinion, in which it indicates that Appellant did not establish a *prima facie* case.

Indeed, this is critical because Appellant offers little explanation or analysis of how he substantiated a *prima facie* case that the prosecutor exercised a racially discriminatory peremptory challenge. The bulk of Appellant's arguments focus instead on criticisms of the prosecutor's proffered explanations for striking the black juror. As indicated above in **Jones**, the prosecution is not required to offer a race-neutral explanation for excluding a particular juror unless and until a **Batson** challenger overcomes his or her *prima facie* burden.

Here, Appellant has only shown that the sole black juror in the jury pool was excluded, a circumstance which, by itself, falls squarely within the rubric of the **Simmons** Rule. That fact establishes only the first element of the two-part *prima facie* test, which is itself only the first step in a three-part **Batson** inquiry. To overcome the *prima facie* hurdle, Appellant must also "show that these facts and other relevant circumstances raise an inference that the Commonwealth used peremptory challenges to exclude venire persons from the same racial or ethnic group." **Jones**, 951 A.2d at 299. Because this step occurs before the burden shits to the prosecution to proffer race-neutral explanations for a peremptory challenge, the credibility

of such explanations are not fertile ground for establishing a *prima facie* case of discrimination, as the United States Supreme Court explained in ***Johnson v. California***, 545 U.S. 162 (2005):

> [The] burden of persuasion rests with, and never shifts from, the opponent of the strike.  Thus, even if the State produces only a frivolous or utterly nonsensical justification for its strike, the case does not end-it merely proceeds to step three.  The first two ***Batson*** steps govern the production of evidence that allows the trial court to determine the persuasiveness of the defendant's constitutional claim.  It is not until the third step that the persuasiveness of the justification becomes relevant-the step in which the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination.

***Johnson***, 545 U.S. at 171 (footnotes, quotation marks, and citations omitted).  If the persuasiveness of the Commonwealth's justification for striking a juror is not relevant until the third step, then it cannot be a relevant factor when considering the first.

Our Supreme Court has provided guidance as to what types of circumstances may be used to demonstrate a *prima facie* case of discrimination.  In ***Commonwealth v. Abu-Jamal***, 555 A.2d 846 (Pa. 1989), the Court indicated that "[e]xamples of such 'relevant circumstances' that might support or refute … an inference [of racial discrimination in jury selection] are a 'pattern' (or not) of strikes against black jurors, and the prosecutor's questions and comments during *voir dire*." ***Id.*** at 850.

The prosecutor's use of a peremptory strike to exclude a single African-American juror cannot possibly constitute such a pattern, absent

other evidence, which is the essence of the **Simmons** Rule. **Compare Simmons**, **supra**, **with Commonwealth v. Smulsky**, 609 A.2d 843, 845 (Pa. Super. 1992) (recognizing that a *prima facie* case of purposeful discrimination was demonstrated where it was "clear that the prosecutor exhausted all seven of her peremptory challenges to exclude black venirepersons"). Moreover, Appellant has not pointed to any questions or comments by the prosecutor during *voir dire* that suggest a discriminatory purpose.

Accordingly, we conclude that the trial court correctly found that Appellant failed to demonstrate a *prima facie* case of discrimination under **Batson**, and that it did so based on factual determinations that are not clearly erroneous.

Judgement of sentence **affirmed**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/20/2018